UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LA JOLLA SPA MD, Inc.<br><br>Plaintiff,<br><br>v.<br><br>MARIE REYES HOLDINGS, L.P. et al.,<br><br>Defendants. | Civil No.06CV2274-H(LSP)<br><br>NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on <u>January 24, 2007</u>, at <u>2 p.m.</u> before United States Magistrate Judge Leo S. Papas, United States Courthouse, Courtroom G, First Floor, 940 Front Street, San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, both counsel <u>and the parties</u> who have full and unlimited authority[1] to

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face

1

negotiate and enter into a binding settlement shall appear <u>in person</u> at the conference and shall be prepared to discuss the claims, defenses and damages.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for extraordinary circumstances shall be made in writing at least 48 hours prior to the conference. Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear. All conference discussions will be informal, off the record, privileged and confidential.

The parties may submit a short Confidential Early Neutral Evaluation Conference Statement prior to the conference. The parties are also encouraged to lodge with Magistrate Judge Papas' chambers a chronology, setting forth a timeline of the factual events that are the basis for the claims and defenses asserted in this litigation. If submitted, the chronology should be in a chart or column format with the column headings "DATE" and "EVENT" and may be annotated with documents significant to the facts or issues.

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference.

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

---

to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

2.   The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3.   The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

4.   The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

The Court will issue an appropriate order addressing these issues and setting dates as appropriate.

**Plaintiff's counsel shall notify all Defendants of the date and time of the Early Neutral Evaluation Conference.** Questions regarding this case may be directed to the Magistrate Judge's research attorney at (619) 557-6384.

DATED:   December 18, 2006

_____
Hon. Leo S. Papas
U.S. Magistrate Judge